UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICK J. DEYOE, <br><br>and<br><br>REALTEX DEVELOPMENT CORPORATION,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROLLINGWOOD GP, LLC,<br><br>　　Serve:<br>　　Mark E. Gardner<br>　　Registered Agent<br>　　4803 S. National Avenue, Suite 200<br>　　Springfield, MO 65810<br><br>and<br><br>GARDNER CAPITAL, INC.,<br><br>　　Serve:<br>　　Mark E. Gardner<br>　　Registered Agent<br>　　4803 S. National Avenue, Suite 200<br>　　Springfield, MO 65810<br><br>　　　　Defendants. | Case No. 4:20-cv-107<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COME NOW Plaintiffs Rick J. Deyoe ("Deyoe") and Realtex Development Corporation ("Realtex") (each a "Plaintiff" and, collectively, the "Plaintiffs"), by and through their undersigned counsel, and for their Complaint against Defendants Rollingwood GP, LLC and Gardner Capital, Inc. (each a "Defendant" and, collectively, the "Defendants") state as follows:

## SUMMARY OF THE CASE

1. Plaintiffs seek a declaration of their rights under two limited liability company agreements and further pursue various tort, equitable, and other claims against the managing member and majority owner of each respective company, as well as each company's controlling parent or principal.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Rick J. Deyoe is an individual residing in Travis County, Texas.

3. Plaintiff Realtex Development Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Travis County, Texas.

4. Defendant Rollingwood GP, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Missouri, and can be served through its registered agent, Mark E. Gardner, at 4803 South National Avenue, Suite 200, Springfield, MO 65810.  Upon information and belief, Defendant Gardner Capital, Inc., a Missouri citizen, is the sole member of Rollingwood GP, LLC.

5. Defendant Gardner Capital, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Missouri, and can be served through its registered agent, Mark E. Gardner, at 4803 South National Avenue, Suite 200, Springfield, MO 65810.

6. Subject matter jurisdiction is vested in this Court under 28 U.S.C. § 1332 as this matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Jurisdiction and venue are proper in this Court because, among other reasons, Defendants are Missouri citizens who regularly transact business in the State of Missouri and because the contracts that give rise to this lawsuit require that "the exclusive jurisdiction and venue for any suit, action or proceeding arising out of th[ese] Agreement[s] shall be any state or federal court sitting in St. Louis County, Missouri[.]"

## FACTUAL ALLEGATIONS

8. This case concerns two Georgia limited liability companies. The first company, Rollingwood Place I, LLC ("GP"), acts as the general partner of a Georgia limited partnership, Rollingwood Place, LP (the "Partnership"), formed to create a low-income housing project in Georgia and governed by an agreement between the limited partners and GP (the "Partnership Agreement"). The second company, Rollingwood Place Development, LLC ("DevCo"), acts as the developer of the housing project.

9. GP and DevCo anticipate receiving a significant sum of money from the Partnership related to the completion and ultimate sale of the project.

### *Defendants Control Both GP and DevCo*

10. GP is governed by an operating agreement—the "GP Agreement," which is attached hereto as Exhibit 1—and DevCo is also governed by an operating agreement—the "DevCo Agreement," which is attached hereto as Exhibit 2. Together, the GP Agreement and the DevCo Agreement are referred to herein as the "LLC Agreements." The LLC Agreements were created and executed in May 2016.

11. GP's only two members are Plaintiff Rick J. Deyoe and Defendant Rollingwood GP, LLC ("Rollingwood"); Rollingwood is GP's managing member and tax member. Likewise,

3

DevCo's only two members are Plaintiff Realtex Development Corporation[1] and Rollingwood; Rollingwood is DevCo's managing member and tax member.

12. Rollingwood is a subsidiary or affiliate of Defendant Gardner Capital, Inc. ("Gardner"), and is controlled by Gardner.

13. Both GP and DevCo are solely managed by their managing member, Rollingwood, and, under Georgia law,[2] Rollingwood therefore owes fiduciary duties to the non-managing members (Deyoe and Realtex) and to the LLCs themselves. Conversely, under the terms of the LLC Agreements and under Georgia law, Deyoe owes no duties to GP or to Rollingwood, and Realtex owes no duties to DevCo or to Rollingwood.

### *Rollingwood Breached its Fiduciary Obligations*

14. The LLC Agreements provide that the "business and affairs of the Company shall be managed under the direction of the Managing Member." *See* Ex. 1, at § 4.1; Ex. 2, at § 4.1. Defendants' inability or refusal to manage GP and DevCo, and their failure to abide by their fiduciary obligations owed to Plaintiffs and to each respective entity, have caused injuries to Plaintiffs and to each of those entities.

15. Upon information and belief, the obligations of Rollingwood under the LLC Agreements, to the extent that they are performed, are performed by Gardner personnel; accordingly, Rollingwood's obligations under the LLC Agreements have been assigned to Gardner and/or have been assumed by Gardner.

---

[1] The sole shareholder of Realtex is Plaintiff Rick J. Deyoe.

[2] Pursuant to Section 12.3 of the GP Agreement and Section 12.3 of the DevCo Agreement, the parties chose the law of the State of Georgia to apply to all questions regarding the construction, enforcement, and interpretation of the LLC Agreements and the rights and liabilities of the parties thereunder. *See* Ex. 1, at § 12.3; Ex. 2, at § 12.3.

4

16. Upon information and belief, employee turnover at Gardner (and thus at Rollingwood) has been extremely high. In September 2019, one employee of the Defendants stated in an email that he did not even know who Realtex was, despite the fact that there are only two members of that entity.

17. Rollingwood is both the managing member and the "Tax Matters Partner" for GP and for DevCo. Rollingwood, however, has not provided Deyoe with a Schedule K-1 for GP since 2016 and has not provided Realtex with a Schedule K-1 for DevCo since 2016. Moreover, Rollingwood has not provided Deyoe or Realtex with audited financial statements or tax returns for GP or for DevCo for tax years 2016 through 2018, despite Plaintiffs' requests for these records and despite Rollingwood's duty to furnish those records as both managing member and Tax Matters Partner for GP and DevCo.

***Defendants Now Purport to Eliminate Deyoe's Membership Interest in GP***

18. On or about July 25, 2019, Gardner, through Rollingwood, purported to unilaterally remove Deyoe as a member of GP pursuant to Section 9.2 of the GP Agreement. *See* Gardner Letter of July 25, 2019, attached hereto as Exhibit 3. Section 9.2 of the GP Agreement provides that the managing member can remove another member "For Cause[.]" *See* Ex. 1, at § 9.2. The phrase "For Cause" is a defined term in the GP Agreement: "'**For Cause**' shall mean (i) gross or ordinary negligence materially and adversely affecting the Company, (ii) willful misconduct materially and adversely affecting the Company or (iii) conviction of a felony." *See* Ex. 1, at Article 3.

19. As the basis for their purported unilateral removal of Deyoe as a member of GP, Defendants claimed that Deyoe failed to forward to Gardner a tax appraisal that Gardner (wrongly) believes was sent by the taxing authorities to Deyoe rather than Rollingwood. Defendants contend

5

that, had Gardner timely received the tax appraisal, it would have been able to challenge the appraisal and avoid a $100,000.00 increase in the Partnership's property taxes.

20. Through counsel, Deyoe promptly responded to Defendants' purported unilateral removal of Deyoe, disputing both Rollingwood's right to unilaterally remove Deyoe as a member of GP and Defendants' basis for doing so. *See* Deyoe Letter of August 6, 2019, attached hereto as Exhibit 4. Neither Gardner nor Rollingwood acknowledged Deyoe's written response.

## COUNT I – DECLARATORY JUDGMENT

21. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Because of Defendants' purported removal of Deyoe as a member of GP, there exists an actual controversy between the parties and uncertainty with respect to Deyoe's rights and status under the GP Agreement.

23. Defendants created the controversy by purporting to unilaterally remove Deyoe as a member of GP. *See* Ex. 3.

24. As a party to the GP Agreement, Deyoe must now take action to declare his rights and status under the GP Agreement because of the uncertainty that has been created by Defendants.

25. This controversy presents a justiciable dispute, ripe for judicial determination, as the parties' positions regarding their rights and obligations under the GP Agreement are disputed and incompatible. Judicial declaration of the parties' contractual rights will immediately resolve the dispute.

26. Plaintiffs have no adequate remedy at law.

27. Pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (and, to the extent that state law applies and provides substantive remedies, MO. REV. STAT. § 527.010

*et seq.* and GA. CODE ANN. § 9-4-2, *et seq.*) and/or other applicable law, Plaintiffs therefore seek the following declarations concerning the GP Agreement and the rights of the parties thereunder.

WHEREFORE, Plaintiffs Rick J. Deyoe and Realtex Development Corporation hereby respectfully request that the Court:

A. Enter an Order declaring that Deyoe holds a 49% membership interest in GP;

B. Enter an Order declaring that Realtex holds a 30% membership interest in DevCo;

C. Enter an Order declaring that, as a non-managing member of GP, Deyoe did not owe GP or Rollingwood any duties and, accordingly, Deyoe could not have breached any duty so as to justify a "For Cause" removal pursuant to Section 9.2 of the GP Agreement;

D. Enter an Order declaring that it is for a court, not Rollingwood, to decide whether a "For Cause" removal under Section 9.2 of the GP Agreement is warranted;

E. Enter an Order declaring that Defendants ***did not*** establish that Deyoe could be removed "For Cause" pursuant to Section 9.2 of the GP Agreement—and therefore Defendants' purported unilateral removal of Deyoe as a member of GP constituted a material breach of the GP Agreement—because:

- As GP's managing member and "Tax Matters Partner," it was Rollingwood's duty to ensure that the taxing authorities had the proper contact information for GP and that the proper entity received all communications from taxing authorities; or because
- Even assuming Deyoe owed a duty to GP or Rollingwood to forward certain tax information, Defendants have not shown that Deyoe received any such tax information; or because

- o Even assuming Deyoe received relevant GP tax information, had a duty to forward it, and intentionally did not do so, Defendants still did not have grounds to remove Deyoe "For Cause" because it is entirely speculative to assume that Defendants' timely receipt of tax information would have resulted in no increased tax liability, and thus Defendants cannot show that any act by Deyoe "materially and adversely affect[ed] the Company" as required by the GP Agreement's definition of "For Cause,"; and further, any tax liability would be to the Partnership, not to GP, and for that additional reason, no material adverse effect can be shown;

F. Enter an Order declaring that, in the alternative, Section 9.2 of the GP Agreement is unconscionable and unenforceable against Deyoe because it grants the managing member complete discretion to appropriate Deyoe's membership interest despite owing fiduciary duties to Deyoe;

G. Award Plaintiffs all of their attorneys' fees, costs, and interest pursuant to applicable law; and

H. Provide Plaintiffs with any other relief that this Court deems just and proper under the circumstances.

## COUNT II – BREACH OF THE GP AGREEMENT

28. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Deyoe and Rollingwood are parties to the GP Agreement, a valid contract.  *See* Ex. 1.

30. By purporting to remove Deyoe as a member of GP on knowingly false grounds, Rollingwood materially breached the GP Agreement.

31. The Limited Partnership Agreement provides that GP is to receive certain distributions of Partnership funds. As managing member of GP, Rollingwood is to share those distributions with Deyoe. *See* Ex. 1, at ¶ 8.2. Since Rollingwood became managing member of GP, Deyoe has received no distributions of such funds. Rollingwood's failures to make or cause these distributions to be made constitute material breaches of the GP Agreement.

32. As the managing member and "Tax Matters Partner" of GP, Rollingwood materially breached the GP Agreement by failing to provide Deyoe with a Schedule K-1 since 2016.

33. These contractual breaches proximately caused Deyoe resultant injury and damages, which will be proved with reasonable certainty at trial.

34. All conditions precedent to the GP Agreement have been satisfied.

WHEREFORE, Plaintiff Rick J. Deyoe hereby respectfully requests that this Court enter judgment in his favor on Count II of the Complaint and award him (1) damages in such an amount in excess of $75,000.00 as is deemed fair and reasonable; (2) reasonable attorneys' fees, costs, and interest as allowed by law; and (3) such other and further relief this Court deems just and proper under the circumstances.

## COUNT III – BREACH OF THE DEVCO AGREEMENT

35. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Realtex and Rollingwood are parties to the DevCo Agreement, a valid contract. *See* Ex. 2.

37. The Limited Partnership Agreement provides that DevCo is to receive a development fee from Partnership funds. As managing member of DevCo, Rollingwood is to share that fee with Realtex. *See* Ex. 2, at ¶ 8.2. Since Rollingwood has become managing member of DevCo, Realtex has received no fee payments. Rollingwood's failures to make or cause these payments and/or distributions to be made constitute material breaches of the DevCo Agreement.

38. As the managing member and "Tax Matters Partner" of DevCo, Rollingwood materially breached the DevCo Agreement by failing to provide Realtex or Deyoe with a Schedule K-1 since 2016.

39. These contractual breaches proximately caused Realtex resultant injury and damages, which will be proved with reasonable certainty at trial.

40. All conditions precedent to the DevCo Agreement have been satisfied.

WHEREFORE, Plaintiff Realtex Development Corporation hereby respectfully requests that this Court enter judgment in its favor on Count III of the Complaint and award it (1) damages in such an amount in excess of $75,000.00 as is deemed fair and reasonable; (2) reasonable attorneys' fees, costs, and interest as allowed by law; and (3) such other and further relief this Court deems just and proper under the circumstances.

**COUNT IV – BREACH OF FIDUCIARY DUTIES OWED TO DEYOE**

41. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. As managing member and majority owner of GP, Rollingwood owed fiduciary duties and obligations to Deyoe, the minority member of GP, because of the relationship and situation between the parties.

43. By purporting to unilaterally remove Deyoe as a member of GP, Rollingwood breached its fiduciary duties and obligations owed to Deyoe, and injured Deyoe by these acts.

44. By failing to distribute to Deyoe any of the funds due to GP pursuant to the Limited Partnership Agreement, Rollingwood breached its fiduciary duties and obligations that it owed to Deyoe, and injured Deyoe by these acts and/or omissions.

45. By failing since 2016 to provide Deyoe with GP's Schedule K-1 or with GP's audited financial statements, or any other financial or operational information, Rollingwood breached its fiduciary duties and obligations that it owed to Deyoe, and injured Deyoe by these acts and/or omissions.

46. Rollingwood's breach of its fiduciary duties and obligations proximately caused damage to Deyoe.

WHEREFORE, Plaintiff Rick J. Deyoe hereby respectfully requests that this Court enter judgment in his favor on Count IV of the Complaint and against Defendants in an amount exceeding $75,000.00, and in an amount to fairly compensate Plaintiff for his damages, for punitive damages, for costs herein expended, interest, attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V – BREACH OF FIDUCIARY DUTIES OWED TO REALTEX

47. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. As managing member and majority owner of DevCo, Rollingwood owed fiduciary duties and obligations to Realtex, the minority member of DevCo, because of the relationship and situation between the parties.

49.     By failing to distribute to Realtex any of the funds due to DevCo pursuant to the Limited Partnership Agreement, Rollingwood breached its fiduciary duties and obligations that it owed to Realtex, and injured Realtex by these acts and/or omissions.

50.     By failing since 2016 to provide Realtex with DevCo's Schedule K-1 or with DevCo's audited financial statements, or any other financial or operational information, Rollingwood breached its fiduciary duties and obligations that it owed to Realtex, and injured Realtex by these acts and/or omissions.

51.     Rollingwood's breach of its fiduciary duties and obligations proximately caused damage to Realtex.

WHEREFORE, Plaintiff Realtex Development Corporation hereby respectfully requests that this Court enter judgment in its favor on Count V of the Complaint and against Defendants in an amount exceeding $75,000.00, and in an amount to fairly compensate Plaintiff for its damages, for punitive damages, for costs herein expended, interest, attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

52.     Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     Rollingwood and Deyoe are parties to the GP Agreement, which is a valid contract. *See* Ex. 1.

54.     Rollingwood and Realtex are parties to the DevCo Agreement, which is a valid contract.  *See* Ex. 2.

55.     Gardner was neither a party to the GP Agreement nor the DevCo Agreement and thus was a third party to both contracts.

56. Gardner improperly and wrongfully induced Rollingwood to breach its contractual obligations owed to Plaintiffs under the GP Agreement and the DevCo Agreement by, among other things, failing to distribute funds to Plaintiffs or to furnish Plaintiffs with required financial and operational information and by purporting to unilaterally remove Deyoe as a member of GP.

57. Gardner's improper and wrongful conduct was done purposely and intentionally, with malice and the intent to knowingly injure Plaintiffs.

58. Gardner's improper and wrongful interference was done without privilege and without any legal justification or excuse.

59. Gardner's conduct proximately caused financial and other damage to Plaintiffs.

WHEREFORE, Plaintiffs Rick J. Deyoe and Realtex Development Corporation hereby respectfully request that this Court enter judgment in their favor on Count VI of the Complaint and against Defendants in an amount exceeding $75,000.00, and in an amount to fairly compensate Plaintiffs for their damages, for punitive damages, for costs herein expended, interest, attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VII – UNJUST ENRICHMENT
### (Pleaded in the Alternative)

60. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. In the alternative, if this Court finds that Defendants have the right to remove Deyoe as a member of GP, Defendants' purported unilateral removal of Deyoe would unjustly, unfairly, and inequitably enrich Defendants at Deyoe's expense.

62. Defendants have already failed or refused to give Deyoe and Realtex funds and information they are owed. By purportedly removing Deyoe as a member of GP, Defendants seek

to force Deyoe to surrender his 49% membership interest in GP and will refuse to make further distributions to Deyoe.

63. As the only remaining member of GP, Rollingwood will benefit from Deyoe's surrender of his 49% membership interest in GP and will benefit by not making further distributions to Deyoe.

64. It would be unfair, unjust, inequitable, and against good conscience to permit Rollingwood to receive such benefits without properly compensating Deyoe for his 49% membership interest in GP.

65. The exact monetary value of Deyoe's 49% membership interest in GP will be proved after the Court orders an accounting of GP (explained below) or during the discovery phase and/or the trial of this matter.

WHEREFORE, Plaintiff Rick J. Deyoe hereby respectfully requests that this Court enter judgment in his favor on Count VII of the Complaint and award him (1) damages in such an amount to be determined after the Court orders an accounting of GP; (2) reasonable attorneys' fees, costs, and interest as allowed by law; and (3) such other and further relief this Court deems just and proper under the circumstances.

**COUNT VIII – ALTER EGO LIABILITY (PIERCE THE CORPORATE VEIL)**

66. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Gardner is the alter ego of Rollingwood and, therefore, the Court should "pierce the corporate veil" by finding that Gardner should be held jointly liable for any judgment against Rollingwood herein.

68. Upon information and belief, Rollingwood is a wholly owned subsidiary of Gardner and Gardner is the sole member of Rollingwood.

69. Upon information and belief, Rollingwood is insolvent and/or undercapitalized and has insufficient funds to satisfy any judgment rendered against it in this case.

70. Upon information and belief, Defendants have disregarded the corporate structure of Rollingwood and have made Rollingwood a mere instrumentality for the transaction of Gardner's affairs.

71. Upon information and belief, there is such unity of interest and ownership between Gardner and Rollingwood that the "separate personalities" or separate corporate structures of the two entities no longer exist because of, among other things, commingling of funds, confusion of corporate records, lack of corporate formalities, inadequate capitalization, and control exerted by Gardner over Rollingwood.

72. Defendants, by their intentional conduct, have abused the corporate form and have used Rollingwood in order to defeat justice, perpetrate a fraud, and/or to evade contractual and tort responsibility.

73. Maintaining the separate corporate identities of Rollingwood and Gardner would promote injustice and advance fraud in these circumstances.

74. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs Rick J. Deyoe and Realtex Development Corporation hereby respectfully request that this Court enter judgment in their favor on Count VIII of the Complaint and against Defendants by piercing the corporate/entity veil to hold that Gardner Capital, Inc. is also liable for any judgment rendered against Rollingwood GP, LLC in this case, and for such other and further relief as this Court deems just and proper under the circumstances.

## **COUNT IX – ACTION FOR AN ACCOUNTING**

75. Plaintiffs reallege, restate, and incorporate by reference the allegations set forth in Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Under Missouri law, Georgia law, federal law, and/or other applicable law, Plaintiffs have a right to an accounting of GP and DevCo.

77. Deyoe holds a 49% ownership interest in GP. *See* Ex. 1.

78. As managing member and majority owner of GP, Rollingwood owes fiduciary duties and obligations to Deyoe, the minority member of GP, because of the relationship and situation between the parties.

79. Realtex holds a 30% ownership interest in DevCo. *See* Ex. 2.

80. As managing member and majority owner of DevCo, Rollingwood owes fiduciary duties and obligations to Realtex, the minority member of DevCo, because of the relationship and situation between the parties.

81. Plaintiffs have been, and are being, denied access to financial documents concerning GP and DevCo.

82. The GP "account" (i.e. the financial circumstances of GP) and the DevCo "account" (i.e. the financial circumstances of DevCo) are each complicated, intricate, and sophisticated, and the value, assets, and/or financials of each company cannot easily be determined.

83. Plaintiffs have no means of discovering the value, assets, and/or financials of these companies without the cooperation and assistance of Defendants by providing a complete accounting of GP and DevCo.

84. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs Rick J. Deyoe and Realtex Development Corporation hereby respectfully request that this Court enter judgment in their favor on Count IX of the Complaint and against Defendants by entering an Order directing Defendants to provide a complete account of the financial circumstances of GP and DevCo, and for such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Respectfully submitted,

Dated: January 23, 2020         By:  /s/ *Evan Z. Reid*
              Evan Z. Reid, #51123MO
              Taylor J. Essner, #70048MO
              **LEWIS RICE LLC**
              600 Washington Avenue, Suite 2500
              St. Louis, Missouri 63101
              Telephone:  (314) 444-7889
              Facsimile:  (314) 612-7889
              Email: ereid@lewisrice.com
                     tessner@lewisrice.com

              Ryan T. Shelton, *pro hac vice forthcoming*
              Jesse Z. Weiss, *pro hac vice forthcoming*
              **BROPHY EDMUNDSON**
              **SHELTON & WEISS PLLC**
              210 Barton Springs Road, Suite 210
              Austin, Texas 78704
              Telephone:  (512) 596-3622
              Facsimile:  (512) 532-6637
              Email: ryans@beswlaw.com
                     jesse@beswlaw.com

              *Attorneys for Plaintiffs Rick J. Deyoe and*
              *Realtex Development Corporation*