## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RICK J. DEYOE and REALTEX DEVELOPMENT CORPORATION, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:20-cv-00107-SNLJ<br>)<br>) |
| ROLLINGWOOD GP, LLC, and GARDNER CAPITAL, INC., | )<br>)<br>) |
| Defendants. | ) |

## PLAINTIFFS' ANSWER TO DEFENDANT ROLLINGWOOD'S COUNTERCLAIMS

Plaintiffs Rick J. Deyoe ("Deyoe") and Realtex Development Corporation ("Realtex") (collectively, "Plaintiffs") file this Answer to Defendant Rollingwood GP, LLC's ("Rollingwood") Counterclaims, and respectfully state as follows

The paragraph numbers in Plaintiffs' Answer correspond to those in Defendant Rollingwood's Counterclaims (Dkt. 20).

1.   Plaintiffs admit that publicly-available records show that Rollingwood was organized as a limited liability company under the laws of the State of Missouri, and that publicly available records indicate that Rollingwood is still in existence in that form but are without sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny them.

2.   Plaintiffs admit the allegations in this paragraph.

3. Plaintiffs admit the allegations in this paragraph.

4. This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs admit the allegations in this paragraph.

5. Plaintiffs admit the allegations in this paragraph.

6. Plaintiffs deny the allegations in the first sentence of this paragraph. Plaintiffs admit that Rollingwood became the sole Managing Member of DevCo with a 70% member interest therein, and Realtex held and holds a 30% member interest therein.

7. Plaintiffs admit that Rollingwood became a member and the sole Managing Member of DevCo in May 2016 but are without sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore deny them.

8. The first sentence in this paragraph references a written agreement that speaks for itself and requires no response. Plaintiffs admit that Rollingwood Place, LP was formed in connection with the development of an affordable housing project in Georgia. The second sentence in this paragraph contains conclusions of law and requires no response; to the extent that a response is required, Plaintiffs deny the allegations in this sentence.

9. Plaintiffs admit that the Partnership paid DevCo $329,239 pursuant to written agreements. Plaintiffs deny that these funds were an advance payment. Plaintiffs admit that when said funds were received by DevCo, Realtex was DevCo's sole member, and Deyoe was Realtex's sole member.

10. Plaintiffs deny the allegations in this paragraph.

11. Plaintiffs deny the allegations in this paragraph.

12. Plaintiffs deny that Realtex was removed as a member of DevCo and deny the remaining allegations in this paragraph.

13. This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

14. Plaintiffs deny that they had or have any obligation to pay any amounts to Rollingwood with regard to the development fee or otherwise.

## COUNT I – BREACH OF CONTRACT

15. Plaintiffs restate the answers in Paragraphs 1 through 14 above as if fully set forth herein.

16. This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

17. Plaintiff is without sufficient knowledge to admit or deny whether Rollingwood "has performed and/or was ready, willing, and able to perform all obligations under the" Amended and Restated DevCo Company Agreement, or whether it has satisfied all conditions precedent, and therefore denies the allegations in this paragraph.

18. Plaintiffs deny that they had or have any obligation to pay any amounts to Rollingwood with regard to the development fee or otherwise. This paragraph

contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

19.     This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

To the extent that Rollingwood's prayer relating to its Count I constitutes an allegation, Plaintiffs deny the allegation.

## COUNT II – UNJUST ENRICHMENT

20.     Plaintiffs restate the answers in Paragraphs 1 through 19 above as if fully set forth herein.

21.     Plaintiffs deny that they have any obligation to pay any amounts to Rollingwood with regard to the project development fee or otherwise. Plaintiffs deny the remaining allegations in this paragraph.

22.     Plaintiffs deny that they have any obligation to pay any amounts to Rollingwood with regard to the development fee or otherwise. Plaintiffs deny the remaining allegations in this paragraph.

To the extent that Rollingwood's prayer relating to its Count II constitutes an allegation, Plaintiffs deny the allegation.

## COUNT III – CONSTRUCTIVE TRUST

23.     Plaintiffs restate their answers in Paragraphs 1 through 22 above as if fully set forth herein.

4

24. Plaintiffs deny the allegations in this paragraph.

25. Plaintiffs deny the allegations in this paragraph.

26. Plaintiffs deny the allegations in this paragraph.

27. Plaintiffs deny the allegations in this paragraph.

To the extent that Rollingwood's prayer relating to this Count III constitutes an allegation, Plaintiffs deny the allegation.

## COUNT V – BREACH OF CONTRACT (ALTERNATIVE)

28. Plaintiffs restate the answers in Paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiffs admit that they received a letter from counsel for Rollingwood in October 2016 purporting to remove of Realtex and Deyoe as members of DevCo and GP, respectively, admit they Plaintiffs disputed Rollingwood's expressed position in that letter, but deny that they were removed as members of those entities and deny the remaining allegations in this paragraph.

30. Plaintiffs deny the allegations in this paragraph, and specifically deny that Deyoe had any obligation as a non-managing member of Rollingwood Place I, LLC, to take any actions on behalf of that entity.

31. Plaintiffs lack sufficient knowledge of the facts alleged to admit or deny the allegations in this paragraph, and therefore deny them.

32. Plaintiffs lack sufficient knowledge of the facts alleged to admit or deny whether the McDuffie County Tax Commission sent Deyoe a notice of re-assessment, and therefore Plaintiffs deny it. Plaintiffs deny that Deyoe received any such notice.

5

33. Plaintiffs deny that Deyoe received any such notice or that Deyoe had any obligation as a non-managing member of Rollingwood Place I, LLC, to take any actions on behalf of that entity, which was managed on the sole authority of Rollingwood Place I, LLC, which served as both managing member and tax partner of that entity and had fiduciary and contractual obligations to handle all tax matters pertaining to the Partnership. Plaintiffs lack sufficient knowledge to admit or deny whether the McDuffie County Tax Commission sent the alleged notice to Deyoe, whether Rollingwood or Rollingwood Place, LP paid $100,576.21 in property taxes or whether they were "forced" to do so, and therefore deny these allegations, and the remaining allegations in this paragraph.

34. Plaintiffs deny that Deyoe received any such notice or that Deyoe had any obligation as a non-managing member of Rollingwood Place I, LLC, to take any actions on behalf of that entity. Plaintiffs are without sufficient knowledge to admit or deny whether Rollingwood Place I, LLC, with fiduciary and contractual obligations to handle all tax matters pertaining to the Partnership, lacked any opportunity to challenge the alleged property tax assessment, and therefore deny it and deny the remaining allegations in this paragraph.

35. Plaintiffs admit that on or about July 29, 2019, Plaintiffs received a letter on Defendant Gardner Capital, Inc.'s letterhead purporting to remove Deyoe as a member of Rollingwood Place I, LLC, and demanding money which Plaintiffs had and have no obligation to pay. Plaintiffs deny that Deyoe was removed as a member of that entity as a result of that letter or otherwise. Plaintiffs are without sufficient

6

knowledge to admit or deny whether Rollingwood, the sole managing member and tax partner of Rollingwood Place I, LLC, with fiduciary and contractual obligations to handle all tax matters pertaining to the Partnership, lacked any opportunity to challenge the alleged property tax assessment, and therefore deny it.

36. Plaintiffs deny that Deyoe has any obligation to indemnify Rollingwood or Rollingwood Place, LP for the alleged property tax payment. Plaintiffs lack sufficient knowledge to admit or deny whether Rollingwood or Rollingwood Place, LP paid $100,576.21 in property taxes, and therefore deny it.

37. This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

38. This paragraph contains conclusions of law and requires no response. To the extent that a response is required, Plaintiffs deny the allegations in this paragraph.

39. Plaintiffs deny the allegations in this paragraph.

To the extent that Rollingwood's prayer relating to its (first) Count V constitutes an allegation, Plaintiffs deny the allegation.

**PLAINTIFFS' DEFENSES AND AFFIRMATIVE DEFENSES**

1. Rollingwood has failed to state a claim against Plaintiffs.

2. Rollingwood has failed to plead its fraud counterclaim with the factual particularity required by FED. R. CIV. P. 9(b).

7

3. Rollingwood cannot recover in equity due to the existence of a contract.

4. Rollingwood cannot recover in equity due to its bad faith and unclean hands.

5. With regard to Count III of Rollingwood's counterclaims, constructive trust is a remedy, not a cause of action.

6. With regard to the first Count V of Rollingwood's counterclaims, Deyoe did not owe Rollingwood the contractual obligation alleged.

7. With regard to the second Count V of Rollingwood's counterclaims, Deyoe did not owe Rollingwood a fiduciary duty.

8. Count I and Count IV of Rollingwood's counterclaims are barred by the applicable statute of limitations.

9. Rollingwood's counterclaims are barred by the doctrine of laches due to Rollingwood's delay in asserting its alleged rights.

10. Rollingwood breached its fiduciary duties to Plaintiffs and its counterclaims are therefore barred.

11. Rollingwood materially breached its contractual obligations to Plaintiffs and its counterclaims are therefore barred.

12. Rollingwood's counterclaims for damages are barred by its failure to mitigate, and specifically its failure to abide by its fiduciary and contractual obligations as managing member and tax partner to handle all tax issues pertaining to the Partnership.

13. Rollingwood's contractual claims are barred because Deyoe and Realtex fully performed their obligations under the GP and DevCo agreements, respectively.

14. The "For Cause" provisions of the DevCo and GP agreements, as interpreted by Rollingwood, are unconscionable and therefore unenforceable.

15. Rollingwood's counterclaims are barred by estoppel.

16. Plaintiffs reserve their right to assert additional defenses pursuant to the Rules.

Respectfully submitted,

Dated: April 9, 2020                    By:  /s/ *Jesse Z. Weiss*

Evan Z. Reid, #51123
**LEWIS RICE LLC**
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  (314) 444-7889
Facsimile:  (314) 612-7889
Email:  ereid@lewisrice.com

Ryan T. Shelton (*admitted pro hac vice*)
Jesse Z. Weiss (*admitted pro hac vice*)
**BROPHY EDMUNDSON**
**SHELTON & WEISS PLLC**
317 Grace Lane, Suite 210
Austin, Texas 78746
Telephone:  (512) 596-3622
Facsimile:  (512) 532-6637
Email:  ryans@beswlaw.com
           jesse@beswlaw.com

***Attorneys for Plaintiffs Rick J. Deyoe and Realtex Development Corporation***

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure this 9th day of April 2020.

*/s/ Jesse Z. Weiss*
Jesse Z. Weiss