UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICK J. DEYOE and REALTEX DEVELOPMENT CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:20-cv-00107-SNLJ ) ) |
| ROLLINGWOOD GP, LLC, and GARDNER CAPITAL, INC., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
DEFENDANT ROLLINGWOOD'S COUNTERCLAIMS**

Plaintiffs Rick J. Deyoe ("Deyoe") and Realtex Development Corporation ("Realtex") (collectively, "Plaintiffs") file this Memorandum in Support of Motion to Dismiss Defendant Rollingwood GP, LLC's Counterclaims, and respectfully state as follows:

### I.    'SUMMARY OF ARGUMENT

1.    Plaintiffs move pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the fraud and breach of fiduciary duty counterclaims asserted by Defendant Rollingwood GP, LLC ("Rollingwood").

2.    Rollingwood does not allege the content, date(s), or location(s) of the allegedly fraudulent omissions and misstatements that serve as the basis of its fraud counterclaim. Nor does Rollingwood allege a legally cognizable fiduciary relationship

1

owed by Deyoe to Rollingwood in support of its fiduciary breach counterclaim. Accordingly, both counterclaims should be dismissed.

## II. BACKGROUND FACTS

3. Plaintiffs incorporate by reference the facts alleged in their Complaint (Dkt. 1 ¶¶ 8-20).

## III. ARGUMENT AND AUTHORITY

### A. Applicable Law on Rules 12(b)(6) and 9(b)

#### 1. Rule 12(b)(6)

4. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] A facially plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

#### 2. Rule 9(b)

5. Fraud claims are subject to the heightened pleading requirements of Rule 9(b), requiring the claimant to "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). Satisfying this requirement requires the claimant to "plead such facts as the time, place, and content of defendant's false representations, as well as the details of the defendant's fraudulent acts, including

---

[1] Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (internal citations omitted). The claimant's allegations of fraud must allege specific facts sufficient to provide an "indicia of reliability." *Id.* at 557. "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997) (internal citation omitted).

**B.    Rollingwood's Fraud Counterclaim Fails to Allege the What, When, or Where Required by Rule 9(b) and Must Be Dismissed**

6.    Rollingwood alleges that Deyoe "intentionally conceale[ed] and omitt[ed]" to disclose to Rollingwood certain outstanding debts of the project. Dkt. 20, Counterclaims ¶ 29. Rollingwood does not allege the specific debts that were intentionally concealed or omitted—neither the amounts nor the creditors.[2] Rollingwood also alleges that Deyoe made affirmative representations which were false, but neglects to identify any of these representations. *Id.* ¶¶ 31-34. Accordingly, Rollingwood has not satisfied Rule 9(b) because it has not alleged the actual content

---

[2] Nor does Rollingwood explain to Plaintiffs or the Court the distinction between intentional concealment and omission when both are alleged as the basis for a fraud claim. To the extent that Rollingwood intended a distinction, omission, in contrast to intentional concealment, connotes a lack of the intent required for a fraud claim. *See Sweet City Landfill, LLC v. Lyon*, 835 S.E.2d 764, 772 (Ga.App. 2019) (scienter is an element of common-law fraud); *Hartsfield v. Barkley*, 856 S.W.2d 342, 345-46 (Mo.App. 1993) (same).

of the allegedly omitted or affirmatively stated information that serves as the basis of its fraud counterclaim.

7.	Rollingwood also runs afoul of Rule 9(b)'s pleading requirements by not providing the specific dates on which Deyoe allegedly did not disclose the unidentified debts, or on which Deyoe made the unidentified false representations. Rollingwood alleges that "in early 2016" Deyoe "identified some, but not all, of the outstanding debts." Dkt. 20, Counterclaims ¶ 29. Rollingwood does not even provide a timeframe for Deyoe's alleged affirmative misrepresentations.

8.	Finally, Rollingwood does not allege the "where" required by Rule 9(b). Nowhere in Rollingwood's fraud counterclaim does it identify the locale(s), or even the mediums, of the communications with Deyoe which gave rise to its fraud counterclaim. *See* Dkt. 20, Counterclaims ¶¶ 28-36.

9.	Because Rollingwood does not allege content of the alleged omissions or misrepresentations, the date(s) on which they occurred, or the location at which or means by which they took place, its fraud counterclaim must be dismissed.

## C. Rollingwood's Fiduciary Breach Counterclaim Must Be Dismissed Because Deyoe Owes No Fiduciary Duty to Rollingwood as a Matter of Law

10.	Rollingwood alleges that if Deyoe remains a member of Rollingwood Place I, LLC ("GP"), then he breached his fiduciary duty to Rollingwood by allegedly failing to notify Rollingwood of a notice of property tax re-assessment sent to Deyoe by the Tax Commission of McDuffie County, Georgia. *See* Dkt. 20, Counterclaims ¶¶ 40-41, 50-51.

4

11. GP is a limited liability company formed under Georgia law. *See* Dkt. 1, Ex. 1-1 at 2. Under the internal affairs doctrine, because GP is a Georgia company, its internal affairs are governed by Georgia law. *See Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982); *Yates v. Bridge Trading Co.*, 844 S.W.2d 56, 61 (Mo.App. 1992); *see also* Dkt. 1, Ex. 1-1 § 12.3 (requiring GP's company agreement to be constructed, enforced, and interpreted under Georgia law without regard to the principles of conflicts of laws).

12. The elements of a breach of fiduciary duty claim under Georgia law are (1) the existence of a fiduciary duty, (2) a breach of that duty, (3) which breach proximately causes damage to the claimant. *See McConnell v. Dept. of Labor*, 814 S.E.2d 790, 800 (Ga.App. 2018).

13. GP is a manager-managed limited liability company, as opposed to a member-managed one. *See* Dkt. 1 ¶ 11 & Ex. 1-1 § 4.1 ("The powers of the Company shall be exercised by or under authority of, and the business and affairs of the Company shall be managed under the direction of the Managing Member.").

14. Both Plaintiffs and Rollingwood agree that Rollingwood is the sole managing member of GP and has been since May 2016. *See* Dkt. 1 ¶ 11 & Ex. 1-1 at 4 ("'Managing Member' shall mean Rollingwood GP, LLC, a Missouri limited liability company"); Dkt. 20, Answer, ¶ 11 ("Rollingwood admits that it is managing member … of both LLCs.").

15. Georgia law provides that only managing members of manager-managed Georgia limited liability companies owe fiduciary duties to the company and

5

to the non-managing members. *See* GA Stat. § 14-11-305 ("[A] person who is a member of a limited liability company in which management is vested in one or more managers, and who is not a manager, shall have no duties to the limited liability company or to the other members solely by reason of acting in his or her capacity as a member"); *Colquitt v. Buckhead Surgical Associates, LLC*, 831 S.E.2d 181, 186 (Ga.App. 2019) ("'Because the plain language of OCGA § 14-11-305 provides that non-managing members in manager-managed LLCs owe no duties to the LLC or other members, we hold that non-managing members owe no fiduciary duties to the LLC or the other members.'" (quoting *ULQ, LLC v. Meder*, 666 S.E.2d 713, 721 (Ga.App. 2008)).

16. Because both Deyoe and Rollingwood agree that Rollingwood is the only managing member of GP, Rollingwood has failed to allege any facts that would give rise to a fiduciary duty owed by Deyoe to Rollingwood vis-à-vis Deyoe's membership in GP, and consequently Rollingwood has not adequately alleged the first element of its claim and the claim must be dismissed.

Respectfully submitted,

Dated: April 9, 2020          By: /s/ *Jesse Z. Weiss*

Evan Z. Reid, #51123
**LEWIS RICE LLC**
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7889
Facsimile: (314) 612-7889
Email: ereid@lewisrice.com

6

>Ryan T. Shelton (*admitted pro hac vice*)
>Jesse Z. Weiss (*admitted pro hac vice*)
>**BROPHY EDMUNDSON**
>**SHELTON & WEISS PLLC**
>317 Grace Lane, Suite 210
>Austin, Texas 78746
>Telephone:  (512) 596-3622
>Facsimile:   (512) 532-6637
>Email:  ryans@beswlaw.com
>            jesse@beswlaw.com
>
>***Attorneys for Plaintiffs Rick J. Deyoe***
>***and Realtex Development Corporation***

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure this 9th day of April 2020.

>*/s/ Jesse Z. Weiss*
>Jesse Z. Weiss